**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 97-20363
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**CRAIG MICHAEL COSCARELLI,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-1044)**

_____

July 8, 1998

Before SMITH, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Craig Michael Coscarelli, federal prisoner # 23429-013, appeals both the district court's summary dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence and the imposition of a $250 sanction for violating his plea agreement. He contends, _inter alia_, that he was deprived of the effective assistance of counsel in violation of the Sixth Amendment, which

---

[*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resulted in an involuntary plea and an inadequate appeal. Along this line, Coscarelli contends that the sanction was wrongly imposed because his § 2255 motion did not violate his plea agreement.

Ineffective assistance of counsel claims require the resolution of mixed questions of law and fact. *See **United States v. Faubion***, 19 F.3d 226, 228 (5th Cir. 1994). But, in this case, the district court did not make factual findings or conclusions of law with respect to the claims; it concluded only "that the defendant is entitled to no relief". And, in response to Coscarelli's motion for clarification of the sanction, the district court stated:

> The petitioner's allegation that his plea was involuntary is a sham. He was not only fully admonished concerning his plea, he made no complaint about his attorney when the inquiry was made. The petitioner's plea agreement also reiterates and reinforces the voluntariness of his plea. *The petitioner knows that he cannot attack the plea except by a complaint that his attorney did not provide effective assistance []*. That issue has been appealed and resolved [unfavorably] to the petitioner. This exercise is foolish and wasteful.

(Emphasis added.)

Under his plea agreement, Coscarelli agreed to waive his right to direct appeal under 18 U.S.C. § 3742; but, that agreement does not mention § 2255 proceedings or collateral constitutional challenges to his plea and sentence. Therefore, Coscarelli's plea

2

agreement did not contain a waiver of his right to collaterally attack his conviction and sentence.

With respect to the $250 sanction, we review a district court's Rule 11 determination and decision to impose sanctions, under its inherent powers, for abuse of discretion. ***Krim v. BancTexas Group, Inc.***, 99 F.3d 775, 777 (5th Cir. 1996). "A district court abuses its discretion if it imposes sanctions based upon an erroneous view of the law or a clearly erroneous assessment of the evidence." ***Id.*** The district court's stated reason for imposing the sanction on Coscarelli was "for violating his plea agreement". But, as discussed, Coscarelli's plea agreement did not waive his right to collateral attack.

Accordingly, both the summary dismissal and the sanction are **VACATED**; the case is **REMANDED** for further proceedings; and, consequently, Coscarelli's motion for appointment of counsel on appeal is **DENIED** as moot. In so holding, we express no opinion as to whether Coscarelli's claims are meritless or whether sanctions are warranted under a different rationale.

***VACATED and REMANDED; MOTION FOR APPOINTMENT OF COUNSEL DENIED***